**Larissa Ivanovna CHAFOROST; Vladmir Braginsky, Petitioners,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–70895.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 8, 2007.*

Filed Jan. 17, 2007.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Homayun Zadeh, Esq., Law Office of Homayun Zadeh, San Francisco, CA, for Petitioners.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marie K. McElderry, Esq., Mark L. Gross, Esq., DOJ–U.S. Department of Justice, Civil Rights Division/Appellate Section, Washington, DC, for Respondent.

Before: ALARCÓN, HALL, and PAEZ, Circuit Judges.

Fed. R.App. P. 34(a)(2).

## MEMORANDUM [**]

Larissa Ivanovna Chaforost, and her husband Vladmir Braginsky, are natives and citizens of Russia. Petitioners seek review of the Board of Immigration Appeals' ("BIA") affirmance of the Immigration Judge's ("IJ") denial of their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We deny in part; grant in part and remand.

Chaforost's due process contention fails because she does not indicate how the IJ's conduct at the hearing and the alleged omissions from the record prejudiced the outcome of her hearing. *See Hartooni v. INS*, 21 F.3d 336, 340 (9th Cir.1994). We deny the petition as to the due process contention.

Substantial evidence does not support the denial of Chaforost's asylum application. The IJ found that Chaforost did not suffer past persecution, or have a well-founded fear of future persecution. We conclude that the cumulative effect of discrimination and anti-Semitic violence and threats that Chaforost experienced compels the conclusion that Chaforost suffered past persecution. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1048-50 (9th Cir. 2005) (court held that petitioner's single assault alone compelled finding of past persecution, and the cumulative effects of anti-Semitic threats and violence amounted to past persecution and well-founded fear of future persecution); *see also Krotova v. Gonzales*, 416 F.3d 1080, 1084-87 (9th Cir. 2005); *Korablina v. INS*, 158 F.3d 1038, 1044-45 (9th Cir.1998).

A finding of past persecution also gives rise to a presumption of withholding of removal. *See Smolniakova v. Gonzales*, 422 F.3d 1037, 1048-50 (9th Cir.2005).

Furthermore, because Chaforost and her parents are not similarly situated, the IJ's finding that Chaforost failed to demonstrate a well-founded fear of future persecution based on her parents' presence in Russia is also not supported by substantial evidence. *See Hoxha v. Ashcroft*, 319 F.3d 1179, 1184 (9th Cir.2003).

Accordingly, we grant the petition in part and remand for further proceedings consistent with this disposition. *See INS v. Ventura*, 537 U.S. 12, 16-17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**DENIED in part; GRANTED in part and REMANDED.**

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

